**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| Reliance First Capital, LLC, | Case No: 18-3528 (ADS)(ARL) |
| Plaintiff, | **AMENDED COMPLAINT FOR FEDERAL UNFAIR COMPETITION, AND UNFAIR TRADE PRACTICES** |
| -v- | |
| Mid America Mortgage, Inc., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMENDED COMPLAINT

Plaintiff, Reliance First Capital, LLC ("Plaintiff"), by and through its undersigned counsel, pursuant to title 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), New York State Unfair Trade Practices, and New York common law, hereby asserts claims of federal trademark infringement, unfair competition, unfair trade and deceptive business practices, and common law violations against Mid America Mortgage, Inc. ("Defendant").

Plaintiff seeks: (1) injunctive relief against Defendant's unauthorized use and exploitation of Plaintiff's trademark; and (2) damages arising from Defendant's past and present acts of infringement and unfair practices in violation of the Lanham Act, New York State Unfair Trade Practices, and New York common law.

## PARTIES

1.  Plaintiff is a Delaware limited liability company with its principal place of business and headquarters located at 201 Old Country Road, Suite 205, Melville, New York 11747.

2.  Defendant is an Ohio corporation with a business address of Suite 405, Spectrum Drive, Addison, Texas 15301.

1

## JURISDICTION AND VENUE

3. This action is brought under the Lanham Act and the laws of New York State. This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 28 U.S.C. §1367.

4. The Court has personal jurisdiction over the Defendant based on its commercial business activities and contacts within this jurisdiction.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because substantial events and property subject to this action are located in this district and Defendant conducts commercial business activities in this district.

## FACTS COMMON TO ALL COUNTS

**Plaintiff's Mortgage Services and Its Distinctive CLICK AND CLOSE™ Mark**

6. Plaintiff provides real estate home mortgage loans and related services ("mortgage services"). Plaintiff has been providing its mortgage services for nearly ten years, and it operates in thirty-five states.

7. Plaintiff is an approved FHA, Fannie Mae, and Freddie Mac lender. It works with those federal and federally sponsored entities, and others, in providing its mortgage services.

8. Since at least 2009, Plaintiff has continuously used the mark CLICK AND CLOSE™ in association with its mortgage services, including end-to-end loan origination, processing, closing, and sales. In 2008 Plaintiff acquired all rights in and to the mark and its associated proprietary software tool. The tool had been developed, and the mark coined and used, years earlier. The proprietary software enables Plaintiff to provide borrowers with mortgage loans in an accurate, reliable, timely and efficient manner. At all relevant times,

Plaintiff and the entity from whom it acquired the rights have used the mark CLICK AND CLOSE™ (sometimes abbreviated as CNC) to identify and distinguish its mortgage services from those of competitors (the "CLICK AND CLOSE™ Mark").

9. Plaintiff provides its services to residential borrowers, to third-party loan purchasers, and to third-party loan securitizers.

10. Plaintiff owns all right in the CLICK AND CLOSE™ Mark and such mark is Plaintiff's valuable asset.

11. The CLICK AND CLOSE™ Mark is inherently distinctive.

12. Plaintiff owns longstanding common law rights across the United States based on its use of its CLICK AND CLOSE™ Mark in connection with its mortgage services.

13. Plaintiff's CLICK AND CLOSE™ software plays an integral role in virtually every aspect of Plaintiff's mortgage services. The CLICK AND CLOSE™ Mark is recognized by third-parties involved in myriad aspects of Plaintiff's mortgage services as a designation of the source of Plaintiff's services.

14. Plaintiff's CLICK AND CLOSE™ Mark is used in commerce in the offering and sale of its mortgage lending services, which services are rendered in commerce. In addition, Plaintiff's mortgage lending services are rendered in more than one state, and Plaintiff is engaged in commerce in connection with those services.

15. Plaintiff originates loans and then sells them. Some of those sales are to banks and other financial institutions or institutional investors, who buy the loans and service them. In connection with the marketing of those loans, loan purchasers often conduct due diligence of Plaintiff during which Plaintiff makes them aware of the CLICK AND CLOSE™ software component of Plaintiff's services. In addition, when loan purchasers

have questions about Plaintiff's loans, Plaintiff often provides them tracking screen printouts bearing the CLICK AND CLOSE™ Mark. Plaintiff thus uses its CLICK AND CLOSE™ Mark in the course of providing its services when dealing with loan purchasers.

16. Some of the loans that Plaintiff issues are included in mortgage-backed securities provided through Ginnie Mae's securitization program. Ginnie Mae is a government corporation within the Department of Housing and Urban Development. Only lenders (such as Plaintiff) who are approved by Ginnie Mae are permitted to issue Ginnie Mae securities. Plaintiff made Ginnie Mae aware of CLICK AND CLOSE™ in the course of Ginnie Mae's due diligence to qualify Plaintiff as a seller/servicer. Plaintiff thus used its CLICK AND CLOSE™ Mark in the course of participating in Ginnie Mae's securitization program.

17. Although Plaintiff sells all of the loans it originates, it retains servicing rights on a growing number of its loan originations. It provides loan servicing services through a third-party subservicer, Dovenmuehle Mortgage, Inc. ("Dovenmuehle"). Plaintiff referred to its CLICK AND CLOSE™ Mark in the course of its initial setup with Dovenmuehle of this loan subservicing relationship, in connection with the exchange of information between the two companies needed for loan servicing. Plaintiff thus used the CLICK AND CLOSE™ Mark in the course of providing its services via its subservicing relationship with Dovenmuehle.

18. The value of the CLICK AND CLOSE™ component of Plaintiff's services has been publicly recognized. In 2014, Plaintiff was acquired by and became a subsidiary of Tiptree Inc., a public company traded on NASDAQ. One of the attributes of Plaintiff that Tiptree considered is CLICK AND CLOSE™. In its annual report on form 10-K for the year

ending December 31, 2014 (and in subsequent years through incorporation by reference), Tiptree included as Exhibit 10.20 the Securities Purchase Agreement (the "SPA") by which it acquired ownership of Plaintiff. Included among the covenants set forth in the SPA (Section 6.10(b)(3)(xii)) is Plaintiff's promise that it would not, during the so-called earn out period, enter "into any transaction or agreement to sell, transfer or license the Company's 'Click and Close' origination software product" without the permission of the seller, which stood to benefit from a strong performance by Plaintiff during the earn out period. Thus, Plaintiff's CLICK AND CLOSE™ software played an important role in the decision to sell Plaintiff and in Tiptree's decision to acquire and capitalize Plaintiff and both the seller and Tiptree were exposed to Plaintiff's CLICK AND CLOSE™ Mark.

19. Plaintiff uses the CLICK AND CLOSE™ Mark as part of its presentations to prospective sources of capital, including warehouse lenders, as a distinguishing factor in Plaintiff's mortgage lending practices.

20. In the course of loan origination, Plaintiff utilizes software in addition to CLICK AND CLOSE™ to perform tasks integral to the origination process. Some of those functions are performed in CLICK AND CLOSE™ through software interfaces with third party sources. Some of the functions are performed on other service providers' platforms. Regardless of where the function is performed, Plaintiff has to ensure that its bellwether CLICK AND CLOSE™ tool is integrated with these other programs. In that connection, Plaintiff and outside vendors and service providers work collaboratively with the CLICK AND CLOSE™ tool to accomplish that integration. Plaintiff thus uses its CLICK AND CLOSE™ Mark and software with software providers and outside vendors or service providers.

21. Plaintiff uses its CLICK AND CLOSE™ software and Mark in its initial communications with third-party service providers in the course of setting up systems with regard to obtaining credit scores, title related fees, loan documentation and the like, therefore exposing such service providers to the Mark.

22. Plaintiff touts its CLICK AND CLOSE™ software in recruiting employees, including in job posting and during interviews.  The mark is recognized within the industry, and mortgage professionals publically refer to the CLICK AND CLOSE™ Mark in touting the high quality of Plaintiff's services.

23. All of these uses are integral to Plaintiff's business.  For example, selling its loans, raising capital, or even doing something as basic as integrating its origination tool with third party software programs are fundamental to Plaintiff's business.  Thus, Plaintiff uses its CLICK AND CLOSE™ Mark and software in commerce in the ordinary course of trade.

24. As a result of Plaintiff's longstanding use of the CLICK AND CLOSE™ Mark, such mark has come to be associated with Plaintiff as a designator of Plaintiff's high-quality mortgage services.

**Defendant and Its Infringing Use of CLICK N'CLOSE**

25. Defendant is a direct competitor of Plaintiff.

26. Defendant provides mortgage services to consumers.

27. Defendant uses mortgage professionals, namely mortgage loan originators, to conduct its competing mortgage services offerings.

28. On information and belief, at all relevant times, Defendant was aware of Plaintiff's CLICK AND CLOSE™ Mark.

29. On information and belief, despite knowing of Plaintiff's prior rights in its CLICK AND CLOSE™ Mark, Defendant recently began using the mark CLICK N' CLOSE in association with Defendant's mortgage services.

30. Defendant filed with the United States Patent and Trademark Office an application to register the mark CLICK N' CLOSE in association with "real estate closing services and financial services, namely, providing mortgage application initiation and loan approvals." The application was filed on June 23, 2017 and was assigned Serial No. 87502652 (hereinafter referred to as the "'652 application").

31. The '652 application was published for opposition on December 12, 2017. Shortly after, Plaintiff became aware of Defendant's '652 application and use of a virtually identical mark. It filed an extension to oppose the '652 application and subsequently filed Opposition No. 91241721 against the '652 application on the ground that Plaintiff has superior rights in the mark CLICK AND CLOSE™ with respect to mortgage services and therefore Defendant's application for CLICK N' CLOSE for the identical services should be denied.

32. On information and belief, Defendant did not commence use of the mark CLICK N' CLOSE prior to the filing date of Defendant's '652 application on June 23, 2017, and therefore Defendant owns no trademark rights to the mark CLICK N' CLOSE, inchoate or otherwise, which predates June 23, 2017.

33. On information and belief, Defendant commenced use of the mark CLICK N' CLOSE sometime in November of 2017.

34. On information and belief, Defendant licenses the mark CLICK N' CLOSE or co-brands the mark CLICK N' CLOSE with third parties (whether by sponsor agreements or

otherwise). Defendant and/or such third parties promote Defendant's mortgage services throughout the United States, including in the state of New York.

35. Plaintiff's CLICK AND CLOSE™ Mark is strong, and Defendant is using and attempting to register an identical mark for identical services offered to the same class of customers.

36. Defendant's use of the mark CLICK N' CLOSE will likely cause, or is causing, confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant to Plaintiff or as to Plaintiff's approval of the services provided by Defendant.

37. Defendant's use of the mark CLICK N' CLOSE will likely cause confusion as to the origin, sponsorship, or approval of Defendant's services.

**COUNT I - FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A))**

38. Plaintiff repeats and realleges paragraphs 1 through 37 above as if fully set forth herein.

39. The filing date of the '652 application and any rights based on Defendant's use of the mark CLICK N' CLOSE as of November 2017, commenced nearly eight years after the first use of the CLICK AND CLOSE™ Mark by Plaintiff.

40. Plaintiff's common law use rights create senior-in-time priority over the Defendant's earliest rights, inchoate or by use, or otherwise.

41. Defendant's intended and actual use of the mark CLICK N' CLOSE is identical or in essence identical to Plaintiff's pre-existing CLICK AND CLOSE™ Mark.

8

42. Defendant's mortgage services are identical or in essence identical to the services provided by Plaintiff. According to Defendant's website, Defendant, like Plaintiff, holds the following designations in connection with its mortgage loan origination business: FHA Direct Endorsement, Ginnie Mae Issuer, VA Automatic Approval, USDA Rural Development National Lender, and Fannie Mae Seller/Servicer.

43. Plaintiff promotes, or intends to promote, its own mortgage loan services through its own advertising on the internet, through its advertising efforts (including advertising in the state of New York), through its mortgage loan originators, and through familiarity and referral by mortgage professionals and real estate professionals.

44. On information and belief, Defendant's CLICK N' CLOSE loan origination system provides substantially the same services and similar functionality as Plaintiff's CLICK AND CLOSE$^{TM}$ tool.

45. Both Plaintiff and Defendant use the internet to offer consumers an initial online information tool for review in connection with mortgage loan origination purposes and for promoting mortgage-related services.

46. Plaintiff has been expanding its CLICK AND CLOSE$^{TM}$ tool uses over the course of recent years and intends to continue to expand its use of CLICK AND CLOSE$^{TM}$ in the future.

47. In early 2018, Plaintiff opened its borrower portal to allow borrowers to, for example, upload documents in connection with loan applications. Aware of Defendant's infringement, and wanting to avoid exacerbating the confusion caused by it, Plaintiff could not implement its plan to display its long used CLICK AND CLOSE$^{TM}$ Mark.

48. In addition, expanding advertising mortgage services by use of the internet and social media is a natural zone of expansion for Plaintiff's marketing efforts.

49. On information and belief, Plaintiff's mortgage services and Defendant's mortgage services are marketed by similar means and through similar trade channels.

50. On information and belief, there will be a likelihood of confusion as to the source or affiliation, origin, sponsorship, or approval by Plaintiff in view of the Defendant's use of the identical mark in connection with mortgage services.

51. On information and belief, mortgage professionals, consumers and others are either likely to believe there is an affiliation or common source of the mortgage services provided by Plaintiff and mortgage services provided by the Defendant or question the truthfulness of Plaintiff as Plaintiff has consistently represented that its CLICK AND CLOSE$^{TM}$ tool is a proprietary system.

52. On information and belief, mortgage professionals, pertinent consumers, and others are likely to be confused as to source, sponsorship, and affiliation of the Defendant's mortgage services and or its licensees or co-branding partners services, mistakenly believing there is an affiliation with the Plaintiff, when in fact there is no affiliation or authorization, thereby causing loss of goodwill, damage and injury to Plaintiff.

53. If use of the mark CLICK N' CLOSE by Defendant and its licensees or business partners is not enjoined, consumers, mortgage professionals and others will no longer recognize Plaintiff as the source of CLICK AND CLOSE$^{TM}$, which has come to be known as a high quality loan origination tool, and the goodwill built by Plaintiff's longstanding use of the mark will be diminished, causing harm to Plaintiff.

54. Defendant should be enjoined from further use of the mark CLICK N' CLOSE or any marks confusingly similar to CLICK AND CLOSE[TM] because Defendant's uses violate 15 U.S.C. §1125(a)(1)(A).

55. Plaintiff is being damaged by Defendant's actions, which are causing a loss of goodwill and irreparable harm, and Plaintiff will continue to be damaged and harmed unless Defendant's actions are enjoined by this Court.

## COUNT II
## DECEPTIVE ACTS AND PRACTICES UNDER
## NEW YORK STATUTORY LAW

56. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 55, above as ifs fully set forth herein.

57. On information and belief, Defendant's actions as set forth above will have the material effect of deceiving mortgage professionals, consumers, and others into mistakenly believing that Defendant's mortgage services software tool is the same as Plaintiff's software tool.

58. On information and belief, Defendant's adoption of Plaintiff's CLICK AND CLOSE[TM] Mark will deceive mortgage professionals, consumers, and others into thinking Defendant's mortgage origination software system is the same software as used by Plaintiff, and thereby Defendant is treading on the Plaintiff's goodwill associated with the CLICK AND CLOSE[TM] Mark

59. On information and belief, Defendant's prior knowledge of Plaintiff's substantial and consistent use of the CLICK AND CLOSE[TM] Mark evidences Defendant's bad faith in their registration and use of the mark, as well as their purposeful intent to invade the rights of the Plaintiff to the CLICK AND CLOSE[TM] Mark.

11

60. On information and belief, Defendant's actions as set forth above constitute deceptive acts and practices in violation of N.Y. General Business Law §§ 349-350.

### COUNT III
### TRADEMARK INFRINGEMENT AND UNFAIR COMPEITION UNDER NEW YORK COMMON LAW

61. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 above as if fully set forth herein.

62. Defendant's use of the mark CLICK N' CLOSE is misleading and unlawful.

63. Defendant's actions complained of herein are likely to deceive mortgage professionals, consumers and others by implying that Defendant's mortgage origination software and services related thereto are affiliated with the Plaintiff.

64. Defendant's use of the mark CLICK N' CLOSE is not authorized by Plaintiff and infringes Plaintiff's common law trademark rights in the CLICK AND CLOSE$^{TM}$ Mark.

65. Defendant's actions have caused harm to Plaintiff and will continue to harm Plaintiff, its business reputation, and goodwill.

66. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer damage and irreparable damage.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff for each and every claim asserted above, and grant relief and an award, including, but not limited to:

a. Permanently restraining and enjoining Defendant and all persons acting in concert with Defendant or purporting to act on its behalf or in active concert or in participation with Defendant, including, but not limited to, its agents, servants, employees, successors, licensees, business partners, sponsored parties, advertisers, affiliates, associates, and assigns, from use of and infringing Plaintiff's CLICK AND CLOSE™ Mark, including all derivations, permutations, and abbreviations thereof, in connection with mortgage services;

b. An Order requiring Defendant to remove, destroy or obliterate the mark CLICK N' CLOSE, including all derivations, permutations, and abbreviations thereof, on all labeling, business forms, and promotional advertising in tangible form within the control of Defendant or the persons and entities referred to immediately above;

c. An Order requiring Defendant to remove all internet advertising, social media advertising, and promotional advertising in any form within the reasonable control of Defendant, or the persons and entities referred to in paragraph (a) above, that uses the mark CLICK N' CLOSE, including all derivations, permutations, and abbreviations thereof;

d. An Order that Defendant take expeditious steps to notify the persons and entities referred to in paragraph (a) above, and all of their and Defendant's employees, licensees, business partners, sub-contractors, vendors, and mortgage professionals under their or its control, that use or have used the mark CLICK N'CLOSE to cease, destroy, remove, or

obliterate all uses of the mark CLICK N' CLOSE, including all derivations, permutations, and abbreviations thereof, on all tangible promotional materials, labels, and remove uses of the mark from all internet advertising and social media advertising;

    e.    An Order requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

    f.    Awarding Plaintiff the Defendant's profits and all damages sustained by the Plaintiff as a result of Defendant's wrongful acts and infringement; an accounting of said profits; and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117 and New York State law;

    g.    An Order requiring the Defendant to transfer the domain name address clicknclose.com, and all derivations, permutations, and abbreviations thereof, to Plaintiff;

    h.    An Order requiring Defendant to expressly abandon or withdraw the '652 Application;

    i.    The costs of the action;

    j.    Plaintiff's reasonable attorneys' fees incurred herein; and

    k.    For such other and further relief as the Court deems appropriate under the circumstances.

Dated: New York, New York  
        September 12, 2018

Respectfully submitted,

By: *s/ Eugene Licker*

Eugene Licker (EL-0334)  
Lynn Rzonca (pro hac vice motion to be filed)  
Ballard Spahr LLP  
1675 Broadway, 19th Floor  
New York, New York 10019  
Telephone: (212) 223-0200  
lickere@ballardspahr.com

*Attorneys for Plaintiff*